IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:10CV01866 SWW |
| | * | |
| $2,221.25 from First Security Service Bank Account, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

**Memorandum and Ord**er

The government filed a civil forfeiture complaint alleging the defendant property represents funds used in the structuring of transactions to evade the reporting requirements of 31 U.S.C. § 5313 and in violation of 31 U.S.C.§§ 5317 and 5324 and 18 U.S.C. § 981. The claimants, Richard and April Helus, filed a motion to dismiss, disputing the facts that are the basis for the complaint and alleging their constitutional rights were violated. The government responded in opposition to the motion.

In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997).  The complaint must be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief.  *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996).  The Court may grant a motion to dismiss on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

A motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint. *ACLU Foundation v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims, irrespective of a judge's disbelief of a complaint's factual allegations or a judge's belief that the plaintiff cannot prove what the complaint asserts. *Id. See also Hickman v. Tosco Corp.*, 840 F.2d 564, 565 (8th Cir. 1988); *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982). Thus, a motion to dismiss should be granted "as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

The Court finds claimants fail to establish they are entitled to dismissal of the complaint. Therefore, their motion [docket entry 10] is denied.

DATED this 27th day of October, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE